IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO

IN RE:

JUAN A. ALVAREZ VALENTIN
ELIZABETH N. MORALES GONZALEZ          CASE NO. 10-10858 BKT

DEBTORS
_____

JUAN A. ALVAREZ VALENTIN                Chapter 13
ELIZABETH N. MORALES GONZALEZ

PLAINTIFFS                               ADV. NO.: 11-163

VS.

PUERTO RICO TREASURY DEPARTMENT

DEFENDANTS

OPINION & ORDER

Before this court is Plaintiff's Motion for Summary Judgment [Dkt. No. 22], Defendant's Opposition to Motion for Summary Judgment [Dkt. No. 32], and Plaintiff's Reply to Treasury's Opposition to Motion for Summary Judgment [Dkt. No. 36]. For the reasons set forth below, the Plaintiff's Motion for Summary Judgment is GRANTED.

On November 18, 2010, Plaintiffs/Debtors, Juan A. Alvarez Valentin and Elizabeth N. Morales Gonzalez filed a chapter 13 bankruptcy petition. The Plaintiffs filed the captioned adversary proceeding on August 4, 2011, pursuant to 11 U.S.C. §506 and Federal Rules of Bankruptcy Procedure, Rules 3012 and 7001(2), to determine the value of Defendant's, Treasury Department of the Commonwealth of Puerto Rico's, interest in Plaintiffs' residence and to deem Defendant's claim partially unsecured [Dkt. No.1]. Plaintiffs' only real estate, their property located at Venus Gardens, San Juan, PR, is encumbered by a first

mortgage in favor of Doral Bank and three attachments in favor of Defendant due to income tax debt.

As per the title search, the Plaintiffs' interest in their residence is subject to four liens. First, there is a mortgage lien in the subject property with a payoff balance, as of June 2011, in the amount of $153,557.78 [Claim No. 26-1]. Second, Defendant has an attachment over Plaintiffs' property for income taxes in the amount of $83,690.18, as per certification dated December 21, 2000. Third, Defendant has an attachment over Plaintiffs' property of income taxes in the amount $209,140.69, as per certification March 24, 2003. Fourth, Defendant has an attachment over Plaintiffs' property for income taxes in the amount of $28,161.54, as per certification June 19, 2005. On December 14, 2010, the Plaintiffs' residence located at Venus Gardens was appraised for $165,000 based on present market value, the property's conditions, and similar comparable [Dkt No. 1, Exh. A]. On October 20, 2011, the Defendant answered the complaint, denying all allegations, interests, damages, attorney's fees and costs against them and requesting the dismissal of the case [Dkt. No. 16]. Plaintiffs' Motion for Summary Judgment and Defendant's Opposition followed.

Under Federal Rules of Civil Procedure 56(c), made applicable in bankruptcy by Federal Rules of Bankruptcy Procedure, Rule 7056, summary judgment is available if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R. Civ. P. 56(c); Borges ex rel. S.M.B.W. v. Serrano-Isern, 605 F.3d 1, 4 (1st Cir. 2010).As to issues on which the movant, at trial, would be compelled to carry the burden of proof, it must identify those portions of the pleadings which it believes demonstrates that there is no genuine issue of material fact. In re Edgardo Ryan Rijos & Julia E. Cruz Nieves v. Banco Bilbao Vizcaya & Citibank, 263 B.R. 382, 388 (B.A.P. 1st Cir. 2001). A fact is

deemed "material" if it potentially could affect the outcome of the suit. <u>Borges</u> at 5. Moreover, there will only be a "genuine" or "trial worthy" issue as to such a "material fact," "if a reasonable fact-finder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor." <u>Id.</u> at 4. The court must view the evidence in a light most favorable to the nonmoving party. <u>Alt. Sys. Concepts, Inc. v. Synopsys, Inc.</u>, 374 F.3d 23, 26 (1st Cir. 2004).Therefore, summary judgment is "inappropriate if inferences are necessary for the judgment and those inferences are not mandated by the record." <u>Rijos</u> at 388.

Although this perspective is favorable to the nonmoving party, she still must demonstrate, "through submissions of evidentiary quality, that a trial worthy issue persists." <u>Iverson v. City of Boston</u>, 452 F.3d 94, 98 (1st Cir. 2006). Moreover, "[o]n issues where the nonmovant bears the ultimate burden of proof, [she] must present definite, competent evidence to rebut the motion." <u>Mesnick v. Gen. Elec. Co.</u>, 950 F.2d 816, 822 (1st Cir.1991). These showings may not rest upon "conclusory allegations, improbable inferences, and unsupported speculation." <u>Medina-Muñoz v. R.J. Reynolds Tobacco Co.</u>, 896 F.2d 5, 8 (1st Cir.1990).But, the evidence offered by the nonmoving party "cannot be merely colorable, but must be sufficiently probative to show differing versions of fact which justify a trial." Id. *See also* <u>Horta v. Sullivan</u>, 4 F.3d 2, 7-8(1st Cir. 1993) (the materials attached to the motion for summary judgment must be admissible and usable at trial.) "The mere existence of a scintilla of evidence" in the nonmoving party's favor is insufficient to defeat summary judgment. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); <u>González-Pina v. Rodríguez</u>, 407 F.3d 425, 431 (1st Cir. 2005).

In the summary judgment motion presently before the court, Plaintiffs argue that there are no genuine issues as to any material facts and that therefore, the moving party is entitled to judgment as a matter of law. The Plaintiffs allege

that pursuant to 11 U.S.C.§ 506(a), the Defendant only has a secured claim against debtors in the amount of $11,442.22, because this is the equity left after considering the property's first lien in favor of Doral Bank. (The first lien on the property in favor of Doral Bank, in the amount of $153,557.78, is wholly secured because the property's value was appraised at$165,000). Plaintiffs argue that Defendant has not raised any errors, inconsistencies, or inaccuracies regarding the appraisal provided by Plaintiffs, nor presented any other appraisal or comparables to contradict the appraisal submitted.

In opposition, Defendant argues that the value of Plaintiffs' property is in fact a genuine material issue that directly affects their interest to the extent of the amount subject to setoff. The Defendant argues that the appraisal may not reflect the actual value of the property that holds the Defendant's secured claim. Also, the Defendant argues that the Plaintiffs' Motion for Summary Judgment does not comply with the clear terms of Local Civil Rule 56 and striking the same, along with its supporting documentation, is warranted.

After reviewing the arguments of the parties, and the relevant law, this court concludes that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. As compelled, the Plaintiffs carry the burden of proof as to the value of the property and through the property appraisal of December 14, 2010, they have demonstrated that there is no genuine issue of material fact. As to the arguments regarding Plaintiffs lack of compliance with Local Civil Rule 56, the court finds them to be meritless.

If Defendant's contention is that the value of the property is a genuine issue of fact in dispute in this case, then the Defendant had an obligation to present an appraisal of the property, a comparable, or have taken any affirmative action that would demonstrate to the court that the Plaintiffs' appraisal does not reflect the actual value of the property. The value then would be the material fact in dispute mandating a trial. This was not done. The Defendant did

not present any evidence that a trial worthy issue exists, nor competent evidence to rebut the Plaintiffs' motion.

Therefore, Defendant's claim number 23-3 will be amended as follows: $11,442.22 secured; $396.83 priority; and $210,938.18 general unsecured.

WHEREFORE, IT IS ORDERED that the Plaintiff's Motion for Summary Judgment shall be, and it hereby is, GRANTED. Clerk to enter judgment.

IT IS SO ORDERED.

San Juan, Puerto Rico this 10 day of July, 2012.

Brian K. Tester
U.S. Bankruptcy Judge

CC:   ALL CREDITORS